UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION
JURY

| | | |
|---|---|---|
| ADRIAN CHAVEZ | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:23-CV-52 |
| | § | |
| LUIS ANTONIO MAGANA LIMON | § | |
| DBA MC TRANSPORTS AND ANA | § | |
| LAURA MARTINEZ PERALES DBA | § | |
| MC TRANSPORTS | § | |
| Defendants | § | |

### **DEFENDANTS' ANSWER TO PLAINTIFF'S PETITION**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

LUIS ANTONIO MAGANA LIMON and ANA LAURA MARTINEZ PERALES file their Answer to the Plaintiff's Petition and state as follows:

### A.    **RESPONSE TO PLAINTIFF'S AVERMENTS**

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of Plaintiff's First Amended Original Petition.

2. Defendants admit that they are individuals and non-residents of the United States who reside in Mexico. Defendants further admit they operate a fully authorized motor carrier. The remaining averments contained in paragraphs 3-6 are denied.

3. Defendants admit that the motor vehicle accident made the basis of this suit occurred in Webb County, Texas. The remaining averments contained in paragraph 8 are denied.

4. Defendants admit that Oscar Victor Santos Delgado was involved in a motor vehicle accident with Plaintiff on March 27, 2021 in Laredo, Webb County, Texas. Defendants further admit that Oscar Victor Santos Delgado was in the course and scope of employment for Defendants at the time of the subject accident. The remaining averments contained in paragraphs 9-15 are denied.

5. Each and every other allegation or averment in the Petition not herein specifically admitted is denied.

## B.   DEFENSES

6. Defendants assert that Plaintiff's cause of action for negligence per se fails as a matter of law.

7. Defendants assert that on the occasion in question, Plaintiff was guilty of acts, wrongs and omissions, each of which constituted negligence and comparative fault, and each of which was the sole cause, and/or alternatively, a proximate and producing cause of the occurrence in question and the alleged damages to Plaintiff. Such acts and/or omissions constitute negligence and include but are not limited to the following: (1) failing to maintain a proper lookout as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; (2) failing to take proper evasive action so as to avoid the collision in question; (3) failing to sound his horn or give any warnings; (4) failing to perceive and/or identify road conditions; and (5) failing to exercise the degree of caution required by the circumstances then existing should an impending collision occur.

8. Defendants affirmatively assert that the Plaintiff failed to mitigate his damages. Specifically, Plaintiff failed to seek employment, failed to seek medical

attention when warranted and/or adhere to health care-providers instructions and recommended treatments. Defendants therefore request a mitigation instruction.

9. Defendants assert that all physical conditions which Plaintiff alleges resulted from the accident in question were pre-existing and/or occurred after the incident in question and were not caused as a result of the incident made the basis of this suit.

10. Alternatively, Defendants assert that their actions and/or omissions were not the producing cause, proximate cause, sole cause, or sole proximate cause of Plaintiff's damages. Rather, Plaintiff's damages are the result of the pre- or post-existing conditions over which the Defendants had no control, and Plaintiff's claimed injuries and damages are not a result of the accident at issue.

11. Alternatively, Defendants assert that the Plaintiff's damages, if any, were caused in whole or in part by the negligent acts, omissions and/or conduct of third parties over whom Defendants had no control, and that those acts, omissions, conditions, or tangible items were the proximate, contributing, sole, new and independent, or subsequent intervening and superseding cause of Plaintiff's damages, if any.

12. Defendants hereby affirmatively invoke the provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code with respect to a determination of comparative responsibility or contribution from Plaintiff, Defendants, or Responsible Third Parties and claim the right to make such election of credit for settlements as is permitted by statute.

13. Even if Defendants breached a duty of care owing to the Plaintiff, which Defendants specifically deny, Defendants were not grossly negligent, in that no extreme risk was created by Defendants' conduct and Defendants neither knew nor had reason to know that their conduct would foreseeably create an extreme risk.

14. Defendants affirmatively assert that, to the extent the Plaintiff prays for punitive and/or exemplary damages, such request should be denied as violative of the due process protections guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment of the Constitution of the United States and the Constitution of the State of Texas, Article 1, Sections 13 and 19.

15. Pleading in the alternative, Defendants state that Plaintiff's claims for the recovery of exemplary or punitive damages are unconstitutional or, alternatively, that the standards for the assessment and award of such damages are unconstitutional. Punitive damages are penal in nature, and the award of such damages would be tantamount to a criminal penalty or fine and violative of due process. Under applicable Texas law, the standards for assessment and award of punitive damages are inadequate as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused. Such standards are vague, ill-defined and unpredictable, thus allowing the jury to award such damages based on bias, prejudice and caprice. The inadequacy and vagueness of the standards under which punitive damages may be imposed, and the absence under the law of reasonable limits on the amount of punitive damages that may be awarded, is violative of Defendants' due process rights under the 5th and 14th Amendments to the United States

Constitution, as well as Article 1, Section 10 of the Texas Constitution. Moreover, the standards by which punitive damages are awarded deny Defendants their rights under the 6th Amendment of the United States Constitution to require proof of guilt beyond a reasonable doubt, or, alternatively, deny Defendants their rights to require proof against them by clear and convincing evidence. Further, to allow an award of punitive damages, based in whole or in part on the wealth of the Defendants, would deny their rights to equal protection under the 5th and 14th Amendments to the United States Constitution, as well as Article 1, Section 3 of the Constitution of the State of Texas. Lastly, and to the extent that there is any governmental interest, by way of subrogation or otherwise, in a recovery by Plaintiff of punitive damages, an award of such damages in this action would amount to an excess fine in violation of the excess fines clause of the 8th Amendment to the United States Constitution, as well as Article 1, Section 13 and Article 1, Section 19 of the Constitution of the State of Texas.

16. Pleading in the alternative, should such be necessary, Defendants affirmatively allege that in the unlikely event that the jury awards Plaintiff exemplary/punitive damages, these damages are limited as set forth in §41.008 of the Texas Civil Practice & Remedies Code.

17. Pleading further and without waiver of the foregoing, Defendants affirmatively assert the defense of collateral payment pursuant to TEX. CIV. PRAC & REM. CODE § 41.0105. Plaintiff's recovery is limited to the amount of reasonable and necessary medical expenses which were paid and accepted rather than the total of the charged medical expenses. Therefore, Defendants object to any evidence of amounts charged versus amounts paid and accepted.

### C. JURY DEMAND

18. Defendants demand a jury trial.

### D. PRAYER

**WHEREFORE,** Defendants LUIS ANTONIO MAGANA LIMON and ANA LAURA MARTINEZ PERALES pray that Plaintiff take nothing by his suit against Defendants LUIS ANTONIO MAGANA LIMON and ANA LAURA MARTINEZ PERALES and for any further relief as to which they may be entitled to at law or in equity.

Respectfully submitted,

**DAVIDSON TROILO REAM & GARZA, P.C.**
601 N.W. Loop 410, Suite 100
San Antonio, Texas 78216
Telephone: (210) 349-6484
Facsimile: (210) 349-0041


  //s//   *David R. Rangel*
**DAVID R. RANGEL**
State Bar No. 24041749
Federal I.D. No. 875461
drangel@dtrglaw.com
**NICONDRA CHARGOIS-ALLEN**
State Bar No. 24031395
Federal I.D. No. 872210
nallen@dtrglaw.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on the 17th day of May 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Joe A. Gamez
Mr. Anthony "Tony" Garza-Vale
Ms. Kim Wiley
**GAMEZ LAW FIRM**
1119 Fresno
San Antonio, Texas  78201

                                       *//s//   David R. Rangel*
                                       **DAVID R. RANGEL**
                                       **NICONDRA CHARGOIS-ALLEN**